John W.L. Ogilvie, #6425
Computer Law++
1211 East Yale Avenue
Salt Lake City, Utah 84105
801-582-2724 (voice)
801-583-1984 (fax)

Attorney for Interstar Technologies Inc.,

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTERSTAR TECHNOLOGIES INC., a Canadian Corporation, Plaintiff, v. J2 GLOBAL COMMUNICATIONS, INC. a Delaware Corporation, Defendant. | **COMPLAINT REQUESTING DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY** (JURY DEMANDED) CIVIL ACTION NO. 2 02CV-0707 DAK |

Plaintiff Interstar Technologies Inc., which is known in the French language as "Technologies Interstar Inc." ("Interstar"), hereby complains against defendant j2 Global Communications, Inc. ("J2"), which is the successor-in-interest of Jfax Communications, Inc., as follows:

1

## PARTIES

1. Plaintiff Interstar is a Canadian corporation with an office at 5835 Verdun Ave., Suite 302, Montreal, Quebec H4H 1M1, CANADA.

2. Defendant J2 is a Delaware corporation with an office at 6922 Hollywood Blvd., 8th Floor, Hollywood, California 90028, USA.

## JURISDICTION AND VENUE

3. This action is brought under the Patent Act, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. This Court has both federal question jurisdiction and diversity jurisdiction, under 28 U.S.C. §§ 1331, 1332, 1338. The amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand U.S. dollars, and the relief sought (a declaration under the Patent Act) presents a federal question under the United States Code.

5. This Court has personal jurisdiction because J2 transacts business within the state of Utah, has threatened injury to Interstar within the state of Utah, and is subject to this Court's jurisdiction under Utah Code § 78-27-24.

6. Venue in this district is proper under 28 U.S.C. §§ 1391, 1400.

## FACTS

7. Plaintiff Interstar is engaged in the business of developing and selling telecommunication software.

8. J2 asserts ownership of United States patents related to digital data transmission technology which delivers faxes and voicemail over the Internet as electronic mail. In particular, J2 asserts ownership of U.S. Patent No. 6,208,638 ("the '638 Patent"), a copy of which is attached as Exhibit 1.

9. Defendant J2 is the successor-in-interest of Jfax Communications, Inc. ("Jfax"), a Delaware corporation.

10. J2 has engaged EKMS, Inc. ("EKMS") to license J2's patents in the United States and abroad. EKMS has represented itself to Interstar as J2's exclusive agent for patent licensing. The business address of EKMS is 675 Massachusetts Avenue, Cambridge, MA 02139.

11. EKMS has stated to Interstar that services offered by Interstar appear to employ inventions covered by one or more J2 patents. EKMS has specifically identified the '638 Patent as one that "has a high degree of relevance" for licensing negotiations.

12. EKMS has sent Interstar's patent attorney, John W.L. Ogilvie of Salt Lake City, Utah, a license term sheet which specifies a license fee of up to a one-time fee of US$200,000 due on signing, plus an annual running royalty.

13. Eric S. Hyman, a patent attorney at the firm Blakely Sokoloff Taylor & Zafman, was an attorney of record in the prosecution of the application that issued as the '638 Patent.

14. Mr. Hyman had an affirmative duty of candor to the United States Patent and Trademark Office ("USPTO") under at least 37 C.F.R. § 1.56 ("Rule 56"), which required him to disclose to the USPTO all information known to him to be material to the patentability of the application that issued as the '638 Patent.

15. The intentional withholding from the USPTO of material information, by one who had a duty to disclose it under Rule 56, is grounds for holding a patent unenforceable.

16. On information and belief, Mr. Hyman intentionally withheld from the USPTO information material to the patentability of the application that issued as the '638 Patent, including information about prior art against the application under 35 U.S.C. §§ 102, 103.

17. Interstar will be sued if it does not license the '638 Patent at a substantial cost to Interstar, even though Interstar has both the right to challenge the enforceability of that patent and a factual basis for bringing such a challenge.

18. During a telephone exchange on July 24, 2002, John Boddie of EKMS told Interstar's attorney Mr. Ogilvie that Blakely Sokoloff Taylor & Zafman is J2's patent enforcement law firm, and Mr. Boddie threatened to bring J2's legal team in "with all guns blazing" if Interstar does not agree to license the J2 patents.

19. Interstar reasonably believes there is a real and immediate threat that it will be sued by J2 for patent infringement if it refuses to promptly accept a license on substantially the terms stated by J2.

20. Interstar has been damaged and will be damaged by J2's assertions regarding the '638 Patent, both monetarily and in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (DECLARATION OF PATENT UNENFORCEABILITY)

21. Interstar incorporates the allegations contained in the preceding paragraphs of this Complaint.

22. J2's assertion of the '638 Patent is improper under applicable case law and the Patent Act, because the '638 Patent is unenforceable due to Mr. Hyman's inequitable conduct, to wit, he intentionally withheld from the USPTO material information about prior art.

23. J2's actions have damaged Interstar, and unless enjoined will continue to damage Interstar. Interstar has no fully adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (DECLARATION OF PATENT INVALIDITY)

24. Interstar incorporates the allegations contained in the preceding paragraphs of this Complaint.

25. J2's assertion of the '638 Patent is improper under applicable case law and the Patent Act, because the '638 Patent is invalid in view of prior art which Mr. Hyman did not make of record in the USPTO.

26. J2's actions have damaged Interstar, and unless enjoined will continue to damage Interstar. Interstar has no fully adequate remedy at law.

## RELIEF SOUGHT

For the reasons above, Interstar seeks judgment against J2 and relief from this Court as follows:

1. A Declaratory Judgment, finding, or holding that U.S. Patent No. 6,208,638 is unenforceable.

2. A Declaratory Judgment, finding, or holding that U.S. Patent No. 6,208,638 is invalid.

3. An award of damages to Interstar in an amount to be determined at trial, sufficient to compensate Interstar for its losses, costs, and expenses incurred as a result of J2's improper assertion of U.S. Patent No. 6,208,638.

4. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Interstar hereby demands a trial by jury of all issues so triable.

Dated July 25, 2002.

                                                    Respectfully submitted,

                                                    John W.L. Ogilvie, #6425
                                                    Computer Law++

                                                    ATTORNEY FOR PLAINTIFF
                                                    INTERSTAR TECHNOLOGIES, INC.

Plaintiff's address:
Interstar Technologies, Inc.
5835 Verdun Ave., Suite 302
Montreal, Quebec
H4H 1M1, CANADA